Per Curiam.

For the fourth time since hearing -the appeals regularly noticed for argument for the June, 1974 term, this *723 court has met in special session (June 17, 1974, July 8, 1974, July 15, 1974 and August 5, 1974) under our innovative rule 640.6 of the rules of the court to pass upon appeals of incarcerated criminal defendants. Rule 64(16 (22 NYCRR 640.6) permits an incarcerated defendant to bring an appeal on for argument or submission expeditiously. The subject appeal was noticed for argument under the rule and was one of the appeals submitted on August 5,1974.
The sole argument made by appellant is that the one-year jail term imposed upon him was unduly severe and, in the interests of justice, should be modified to time served. His brief states, however, that the scheduled date of defendant’s release is also August 5,1974; and the office of the chief clerk of this court has verified that this is so. In this posture of the appeal (no issue of guilt having been raised), the appeal comes before us too late, and must be dismissed as moot (People v. Nogan, 25 A D 2d 528; People v. Ruffin, App. Term, 1st Dept., N. Y. L. J., June 5, 1973, p. 2, col. 1).
The attention of the Bar is called to our rule 640.3(b) (22 NYCRR 640.3 [b]) which provides that, for good cause shown, the court may hear a criminal appeal on an abbreviated record containing so much of the evidence or other proceedings as it may deem necessary to a consideration of the questions raised. Where the only issue raised on appeal relates to the sentence, use of rule 640.3(b) appears particularly appropriate. Determination of the issue may be possible on the clerk’s records and the probation and other reports, without the minutes of the sentencing and earlier sessions. In such cases, the appeal could be heard shortly after the notice of appeal is filed and the appellant’s brief is ready.
The court takes note, in connection with the above, of the new rule of the Appellate Division, Second Department, permitting appeals, involving sentences only, to be heard as though they were motions (N. Y. L. J., May 17, 1974, p. 1 [22 NYCRR 670.17 (i)]. Whether this approach may also be utilized by this court will receive the careful consideration of the court.
Appeal dismissed.
Concur — Markowitz, P. J., Fine and Dudley, JJ.